UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHAWN ANDERSON

VERSUS

STATE OF LOUISIANA, THROUGH
THE LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS,
ET. AL.

CIVIL ACTION

NO. 09-75-JJB

## **RULING ON MOTION TO DISMISS**

Defendants, the State of Louisiana, through the Louisiana Department of Public Safety and Corrections ("DPSC"); James LeBlanc, Secretary of DPSC ("LeBlanc"); Burl Cain, Warden of the Louisiana State Penitentiary ("Cain"); Richard Peabody, Deputy Warden for Programming at the Louisiana State Penitentiary ("Peabody"); and Yusuf Abdullah, Muslim Chaplain at the Louisiana State Penitentiary ("Abdullah"), bring this motion to dismiss. (Doc. 13). Plaintiff, Shawn Anderson ("Anderson") has filed an opposition. (Doc. 16). This Court's jurisdiction exists pursuant to 28 USC § 1331 *et seq*. Oral argument with respect to this motion is not necessary.

## **Background**

Anderson is an inmate at the Louisiana State Penitentiary and a member of the Nation of Islam.[1] He alleges that defendants have denied his right (1) to access religious materials and publications and (2) to assemble, counsel, or worship with other members of the Nation of Islam.[2] Mr. Anderson seeks injunctive relief for alleged violations of the Religious Land Use and Institutionalized Persons Act of 2000

---

[1] Complaint, Doc. 1, ¶ 1.
[2] Complaint, Doc. 1, ¶ 2.

1

("RLUIPA")[3] and the First and Fourteenth Amendments to the United States Constitution pursuant to 42 USC § 1983.[4] Anderson brings suit against LeBlanc, Cain, Peabody, and Abdullah in both their individual and official capacities pursuant to §1983. He brings suit against the individual defendants pursuant to RLUIPA only in their official capacities.[5] Defendants argue that this action should be dismissed because they are immune from suit under the Eleventh Amendment, are not "persons" within the meaning of § 1983, and are entitled to qualified immunity. Defendants further assert that the claims should be dismissed because plaintiff failed to allege exhaustion of his administrative remedies as required by Prison Litigation Reform Act of 1995 ("PLRA").[6]

---

[3] 42 USC 2000cc-1(a):
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 USC 200 cc-2(a) sets out that "a person may assert a violation of this chapter…and obtain appropriate relief against a government." 42 USC 2000cc-5(4) defines "government" to include, among others, a State, governmental entity created under authority of a State, and an official of a governmental entity created under authority of a State.

[4] 42 USC 1983:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

[5] Defendants argue that the RLUIPA claims brought against them in their *individual* capacities should be dismissed. Plaintiff correctly points out that he did not bring RLUIPA claims against the defendants in their individual capacities.

[6] Defendants also state in their motion to dismiss that this Court lacks personal jurisdiction over the defendants. Similarly, defendants assert that to state a claim under § 1983, a plaintiff must allege that a defendant's actions were intentional or callously indifferent to plaintiff's rights. Defendants have offered no support for these assertions. Thus, this Court declines to consider either.

2

**Analysis**

Defendants correctly point out that the DPSC is protected by sovereign immunity.[7] As this Court has previously explained, "absent consent by the state or congressional action, a state is immune from suit for damages….The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains."[8] Therefore, if plaintiff sought damages from the DPSC, the DPSC would be protected from such a claim by the Eleventh Amendment. Here however, plaintiff only seeks injunctive relief against the DPSC. Although Mr. Anderson initially brought a claim against the state through the DPSC under both § 1983 and RLUIPA, he has since indicated he does not oppose the dismissal of his § 1983 claim against DPSC.[9] Therefore, this Court will dismiss plaintiff's § 1983 claim against the DPSC and focus on the viability of plaintiff's RLUIPA claim against the DPSC.

The Fifth Circuit recently considered prisoner suits under the RLUIPA.[10] In *Sossamon*, plaintiff alleged violations of his right to freely exercise his religion and sought declaratory and injunctive relief as well as compensatory and punitive damages against the state of Texas and individuals involved with the Texas Department of Criminal Justice in both their individual and official capacities under § 1983 and the RLUIPA. The Fifth Circuit concluded that RLUIPA was passed pursuant to the Spending

---

[7] *See* Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999); Harris v. Travis, 55 Fed. Appx. 716, 2002 WL 31933184 , *2 (5th Cir. 2002); Smith v. Johnson, 2005 WL 1869037, *2 (M.D. La. July 29, 2005).
[8] White v. Louisiana Dept. of Corrections, 2009 WL 302181, *2 (M.D. La. Feb. 6, 2009).
[9] *See* Complaint, Count II and Plaintiff's Memorandum in Opposition to Motion to Dismiss, doc. 16, page 10.
[10] Sossamon v. Lone Star State of Texas, et. al., 560 F.3d 316 (5th Cir. 2009).

Clause[11] and while the legislation "clearly apprises states that they incur an obligation, to wit, amenability to some sort of suit seeking to enforce rights RLUIPA creates," RLUIPA is "not clear enough to do so in a manner that abrogates state sovereign immunity for monetary relief."[12] Although the Fifth Circuit disallowed plaintiff's suit against the state for damages, it explained that it was aware of no decision holding "that RLUIPA's 'appropriate relief' language fails to confer an individual right to pursue declaratory and injunctive relief."[13] This Court finds *Sossamon* controlling and holds that plaintiff's suit for injunctive and declaratory relief against the State of Louisiana through the DPSC is not barred by the Eleventh Amendment.

Plaintiff also brings suit against the individual defendants in their official capacities for injunctive and declaratory relief under the RLUIPA. Defendants argue that these claims are also barred by the Eleventh Amendment.[14] Mr. Anderson cites *Ex parte Young*[15] and correctly points out that "a plaintiff may assert claims for prospective, injunctive relief against state officials for violations of federal law."[16] As the Fifth Circuit has explained, "[t]he essential ingredients of the *Ex parte Young* doctrine are that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in

---

[11] *Id*. at 328.
[12] *Id*. at 330-31.
[13] *Id*. at 327.
[14] As the Supreme Court explained in *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978)):
> Official-capacity suits … "generally represent only another way of pleading an action again an entity of which an office is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respect other than name, to be treated as a suit against the entity.

[15] 209 U.S. 123 (1908).
[16] Plaintiff's Memorandum in Opposition to Motion to Dismiss, doc. 16, page 8.

effect."[17] This Court finds that plaintiff's claims for injunctive and declaratory relief against the individual defendants in their official capacities fall within the doctrine of *Ex parte Young* and such claims are not barred by the Eleventh Amendment.

In addition to the claims brought against individual defendants pursuant to RLUIPA, Mr. Anderson also bring claims under § 1983 against the individual defendants for injunctive and declaratory relief. Like the RLUIPA claims discussed above, these claims are not barred by the Eleventh Amendment. Further, these individual defendants are "persons" within the meaning of §1983.[18] Therefore, this Court finds that the individual defendants are not shielded from plaintiff's §1983 claims for declaratory or injunctive relief by the Eleventh Amendment.[19]

The individual defendants also argue that they are protected from plaintiff's claims by qualified immunity. As this Court has previously explained, "[q]ualified immunity is not available in an official capacity suit."[20] Thus, defendants' argument that they are entitled to qualified immunity is only potentially relevant to plaintiff's claims against them in their individual capacities. However, "the Fifth Circuit has recognized qualified immunity is not a defense to claims for declaratory and injunctive relief."[21]

---

[17] Saltz v. Tennessee Dept. of Employment Sec., 976 F.2d 966, 968 (5th Cir. 1992).

[18] *See* Will v. Michigan Dept. of State Police et. al., 491 U.S. 58, 71 n. 10 (1989) (quoting Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985)) (explaining that "of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'").

[19] *See* Mayfield v. Texas Dept. of Criminal Justice, 529 F.3d 599, 605 (5th Cir. 2008):
> Both § 1983 and RLUIPA allow for declaratory and injunctive relief. As such, the district court erred in concluding that "Plaintiff's claims are all covered with immunity from the Eleventh Amendment." [Plaintiff's] claims for declaratory and injunctive relief against Johnson and Pierce in their official capacity are not barred by sovereign immunity.

[20] Cassels v. Stalder, 342 F.Supp.2d 555, 561-62 (M.D. La. Oct. 20, 2004).

[21] *Id*. (citing Yates v. Stalder, 217 F.3d 332, 333 n. 2 (5th Cir. 2000) ("We note that qualified immunity is not a defense to Plaintiff's claims for declaratory and injunctive relief.")).

Thus, qualified immunity does not shield the individual defendants from plaintiff's claims in this case.

Finally, defendants argue that plaintiff's claims should be dismissed because the PLRA requires a prisoner to exhaust his administrative remedies prior to bringing an action regarding prison conditions under § 1983 or any other federal law.[22] Under *Porter v. Nussle*, the exhaustion requirement of the PLRA is mandatory.[23] Defendants assert, without offering any support, that in the Fifth Circuit, "a prisoner must plead and prove exhaustion at the outset of his case."[24] Such an assertion is directly contrary to *Jones v. Bock* in which the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints.[25] Therefore, this Court will not dismiss plaintiff's claims based on his failure to plead the exhaustion of his administrative remedies.

---

[22] 42 USC 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[23] 524 U.S. 516, 524 (2002). The Court notes that we do not reach a determination of exhaustion. Without proper evidentiary support, we make no determination of whether plaintiff has actually exhausted his administrative remedies in satisfaction of the PLRA.

[24] Memorandum in Support of Motion to Dismiss, doc. 13-2, page 8.

[25] 549 U.S. 199, 216 (2007). In *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007), plaintiff's complaint was silent as to exhaustion. The Fifth Circuit vacated the district court's dismissal for failure to exhaust and explained:
> It bears emphasis that a district court cannot by local rule sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion. It is, at least now it is, an affirmative defense under the Federal Rules, a defense belonging to the state that is waived if not asserted. To the extent decisions of this court have suggested otherwise, they did not survive *Jones*.

## Conclusion

For the reasons discussed above, the court DISMISSES plaintiff's § 1983 claim against the State of Louisiana through the DPSC.[26] In all other respects, the court DENIES the defendants' motion to dismiss. (Doc. 13).

Signed in Baton Rouge, Louisiana, on April 23, 2009.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] The court notes that contrary to the defendants' suggestion, plaintiff did not bring a claim for retaliation and did not bring a claim against the individual defendants in their individual capacities for alleged RLUIPA violations.