UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHAWN ANDERSON

VERSUS

STATE OF LOUISIANA, THROUGH THE
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.

CIVIL ACTION

NO. 09-75-JJB

### RULING AND ORDER ON MOTION TO MODIFY SCHEDULING ORDER

The court has carefully considered the Report and Recommendation (doc. 42) issued by United States Docia L. Dalby on May 21, 2010. Plaintiff Shawn Anderson has filed an objection, which has also been given due consideration.

The magistrate judge carefully sets forth the relevant factual background and the applicable law. In his objection, plaintiff cites two Fifth Circuit decisions permitting a Rule 16(b) amendment when new facts or evidence developed after the deadline set at the scheduling conference. However, neither fact pattern can be analogized to the instant case. While the plaintiff argues that the facts sufficient to support a retaliation claim did not develop until after the amendment deadline, the magistrate judge outlines a great deal of evidence, including the alleged false and exaggerated disciplinary report, punitive lockdown sentence, denials at lockdown review board hearings, and administrative grievances filed at LSP, that could have been used by plaintiff to assert a retaliation claim prior to the deadline set at the scheduling conference.

The "good cause" standard focuses on the diligence of the party seeking a modification of the scheduling order. *Forge v. City of Dallas*, No. 3-03-0256, 2004 WL 1243151, at *2 (N.D. Tex. 2004). A party moving for amendment must show that "despite his diligence, he could not

1

have reasonably met the scheduling deadline." *American Tourmaline Fields v. International Paper Co.*, No. 3-96-3363, 1998 WL 874825 at *1 (N.D. Tex. 1998). The six month lapse between the agreed-upon deadline for adding new parties and claims and the plaintiff's motion to amend the complaint shows that the plaintiff did not use diligence in attempting to meet the deadline. However, the plaintiff was never aware that he would be transferred to a different facility three months after the deadline set at the scheduling order. Therefore, plaintiff should be allowed to amend the complaint to assert the claim that the refusal to allow the plaintiff to receive Nation of Islam materials and publications and the refusal to allow him to assemble, counsel, or worship with other members of the Nation of Islam is the result of a "state-wide" policy developed in part by defendants Louisiana State Penitentiary Warden Burl Cain and Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc which results in continued deprivations suffered by the plaintiff at EHCC.

The Report and Recommendation is hereby APPROVED and ADOPTED as the court's reasons herein. Accordingly, IT IS ORDERED that the Motion to Modify the Scheduling Order and to Amend the Complaint (doc. 26) be GRANTED in part, such that the complaint be amended to assert the claim stated in paragraphs 36 through 40 of the proposed amended complaint, and DENIED in all other respects.

Signed in Baton Rouge, Louisiana, the eighth day of July, 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA